UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA MARIE GRAY, | ) |
| Movant, | ) |
| vs. | ) No.  4:10-CV-1071 (CEJ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM

This matter is before the court upon the motion of Angela Marie Gray to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  The United States has filed a response in opposition, and the issues are fully briefed.

### I. Background

On April 13, 2009, Gray pled guilty to one count of a four-count indictment charging her with bank fraud, in violation of 18 U.S.C. § 1344. In a written plea agreement and under oath, Gray admitted that during the period March to September 2008 she devised and participated in a scheme to defraud U.S. Bank by using debit cards and PIN numbers of others and by depositing bad checks.  As to the count of conviction, Gray admitted that she deposited a $2,000 check that she knew was drawn on a closed account.  However, Gray admitted that the full scope of the scheme resulted in a loss to U.S. Bank of more than $89,000.

At sentencing, the court determined that the advisory guideline range for imprisonment was 33-41 months as reflected in the presentence report (PSR).  Gray not object to the contents of the PSR nor did she challenge the court's determination of the guideline range.  However, her attorney requested a downward departure based

on overstated criminal history and low risk of recidivism (see U.S.S.G. 4A1.3(b)(1)) and based on Gray's cooperation with law enforcement. The motion was denied. Moreover, the court decided to vary upward from the guideline range and imposed a sentence of 87 months' imprisonment.  The judgment was affirmed. United States v. Gray, 377 Fed. Appx. 588 (8th Cir. 2010).

II. DISCUSSION

Gray asserts three grounds for relief in her motion to vacate: (1) that she was denied a detention hearing; (2) the court misapplied the sentencing guidelines; and (3) that she was denied effective assistance of counsel.  The relevant facts will be set forth in the discussion of each ground.

### A. Denial of pretrial detention hearing

The grounds that may be asserted in a motion to vacate are limited to the following: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; and (3) the sentence exceeded the maximum authorized by law. See 28 U.S.C. § 2255(a).  The denial of a pretrial detention hearing is not a cognizable claim in a § 2255 proceeding.  Even if such a claim could be asserted, Gray would still not be entitled to relief.  The docket record clearly shows that she was afforded a pretrial detention hearing.  See United States v. Angela Gray, Case No. 4:09-CR-69 (E.D.Mo. January 30, 2009). Gray's first claim is without merit.

### B. Misapplication of sentencing guidelines

On direct appeal, Gray argued that the court erred by failing to consider the sentencing factors listed in 18 U.S.C. § 3553(a) and by failing to explain the reasons

2

for the sentence it imposed. Gray also argued that the 87-month sentence was substantively unreasonable in that "it focused almost exclusively on her criminal history." Gray, 377 Fed. Appx. at 589. In the present motion, Gray asserts that the upward variance violated her right against double jeopardy because it was based on criminal offenses for which she had already been punished. The Court of Appeals addressed Gray's claim of procedural error in the sentencing process and her challenge to the substantive reasonableness of the sentence and ruled the issues against her. Id. Therefore, Gray cannot re-litigate those claims in a proceeding under § 2255. Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003); United States v. Holtzen, 718 F2d 876, 878 (8th Cir. 1983).

Gray also asserts in her motion that the guideline range should have been determined on the basis of the loss of $2,000 (the amount of the bad check she deposited) instead of the total loss of $89,000. As a result, the correct guideline range was 9-15 months as opposed to 33-41 months. This is a claim that Gray could have asserted on appeal but did not. A motion to vacate is not a substitute for a direct appeal. See Boyer v. United States, 988 F.2d 56, 57 (8th Cir. 1993); Reid v. United States, 976 F.2d 446, 447 (8th Cir. 1992), *cert. denied*, 507 U.S. 945 (1993) [*citing* United States v. Frady, 456 U.S. 152 (1982)]. Absent a showing of cause and prejudice, a movant cannot assert a claim in a § 2255 proceeding that could have been asserted on appeal. Id. In order to show cause, the movant must establish that "some objective factor external to the defense" impeded her ability to present her claim on appeal. McCleskey v. Zant, 499 U.S. 467, 493 (1991)[*quoting* Murray v. Carrier, 477 U.S. 478, 488 (1986)]. Ineffective assistance of counsel or a showing of

actual innocence may constitute "cause" sufficient to exempt a movant from the procedural bar. Id. at 494.

Apart from the procedural bar, Gray's claim is factually without merit. In her guilty plea, Gray admitted that $89,000 was the amount of the loss for which she was responsible. The non-viability of Gray's claim is further exemplified by the fact that the court rejected Gray's request for a sentence below the 33-41 month guideline range and imposed a sentence above that range. Even if Gray could establish cause for her procedural default, she certainly cannot establish prejudice. Moreover, she makes no claim of actual innocence.

### C. Ineffective assistance of counsel

To prevail on a claim of ineffective assistance of counsel, a movant must show that her attorney's performance fell below an objective standard of reasonableness and that she was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). There exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to show prejudice in the context of a guilty plea, the movant must demonstrate that if it were not for counsel's errors, she would have not pled guilty, but instead would have insisted on going to trial. Hill v. Lockhart, 474 U.S 52, 59 (1985). The failure to show prejudice is dispositive. A court need not address the reasonableness of the attorney's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

Gray's ineffective assistance claim is without merit. In light of Gray's admissions in her guilty plea, her attorney cannot be faulted for failing to object to the amount of

the loss.  Further, Gray's allegation of counsel's "lack of preparation" is too vague and conclusory to allow for any response.  Gray does not specify what her attorney should have done that he failed to do, nor does she assert that she would have proceeded to trial but for counsel's deficiencies.  Thus, Gray is not entitled to relief on this claim.

II. **CONCLUSION**

For the foregoing reasons, the court concludes that Gray is not entitled to the relief she seeks.  The court finds that Gray has not made a substantial showing of the denial of a constitutional right.  Therefore, the court will not issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2).

An appropriate Order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of June, 2013.